USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/30/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AMYNDAS PHARMACEUTICALS SINGLE
MEMBER P.C. and AMYNDAS
PHARMACEUTICALS, LLC,

          Plaintiffs,

-v-

ALEXION PHARMACEUTICALS, INC. and
ZEALAND PHARMA U.S., INC.,

          Defendants.
------------------------------------------------------------------X

23-mc-447 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

    Alexion Pharmaceuticals, Inc. and Zealand Pharma U.S., Inc. (the "Defendants") move, pursuant to Federal Rule of Civil Procedure 45(f), to transfer their motion to compel the Trustees of the University of Pennsylvania ("Penn") to comply with subpoenas to the United States District Court for the District of Massachusetts, where *Amyndas Pharmaceuticals Single Member P.C. et al. v. Alexion Pharmaceuticals, Inc. et al.*, No. 1:20-cv-12254-LTS-JCB (the "Underlying Action"), is pending. Dkt. No. 21. Penn consents to the proposed transfer. *Id.* For the following reasons, the motion is granted.

    Amyndas Pharmaceuticals Single Member P.C. and Amyndas Pharmaceuticals, LLC (the "Plaintiffs") filed the Underlying Action against Defendants on December 18, 2020 for alleged misappropriation of trade secrets. Dkt. No. 5 at 5. As Plaintiffs' founder is a professor of medicine at the University of Pennsylvania, *id.* at 2, Defendants served subpoenas on Penn on February 6, 2023, seeking documents related to the founder's research activities at the university, *id.* at 5–6. According to Defendants, Penn failed to fully comply with those subpoenas. *Id.* at 6.

Defendants commenced the instant proceeding on November 17, 2023 by filing a motion to compel Penn to comply with the subpoenas.  Dkt. No. 1.

Federal Rule of Civil Procedure 45(a)(2) provides that all subpoenas "must issue from the court where the action is pending."  Fed. R. Civ. P. 45(a)(2).  But "if a motion to compel is necessary, the motion must be made in 'the court for the district where compliance is required.'"  *United States ex rel. Ortiz v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 543 (S.D.N.Y. 2016) (quoting Fed. R. Civ. P. 45(d)(2)(B)(i)).  "The district of compliance 'for the production of documents, electronically stored information, or tangible things [is] at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person.'"  *Burnett v. Wahlburgers Franchising LLC*, 2018 WL 10466827, at *2 (E.D.N.Y. Oct. 4, 2018) (quoting *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018)).

When the court of compliance did not issue a subpoena, it may transfer a motion to compel compliance with that subpoena "to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."  Fed. R. Civ. P. 45(f).  The Committee Notes to Rule 45 clarify that "the proponent of transfer bears the burden of showing that [exceptional] circumstances are present."  Committee Notes to the 2013 Amendment to Fed. R. Civ. P. 45(f).  While "it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions," transferring a motion to compel "may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion."  *Id.*

The Court concludes that transfer to the District of Massachusetts is appropriate here.  First, Penn consents to the transfer, Dkt. No. 21 at 1, and "consent of the person subject to the subpoena is sufficient to permit transfer to the issuing court," Committee Notes to the 2013

Amendment to Fed. R. Civ. P. 45(f).  Second, exceptional circumstances warrant a transfer.  Although "familiarity with the case alone is insufficient to constitute exceptional circumstances," *Drummond Co., Inc. v. VICE Media LLC*, 2022 WL 445681, at *2 (S.D.N.Y. Feb. 14, 2022) (Nathan, J.), courts have transferred motions to compel "where the issuing court is best-positioned to address the subpoena dispute given the nature of the dispute and the posture and complexity of the underlying action, where the issuing court has already set out a discovery schedule in the underlying action, and to serve the interests of justice and judicial efficiency," *Hilb Grp. of N.Y., LLC v. Associated Agencies, Inc.*, 2023 WL 5183690, at *1 (S.D.N.Y. Aug. 10, 2023) (quoting *Full Circle United, LLC v. Bay Tek Ent., Inc.*, 581 F. Supp. 3d 523, 525 (S.D.N.Y. 2022)).  Here, the Underlying Action has been ongoing for nearly three years, so the issuing court is "intimately familiar with the history and complex facts of the current litigation." *Drummond Co.*, 2022 WL 445681, at *2.  In addition to establishing and modifying a discovery schedule, the issuing court has ruled on several discovery motions that are pertinent to the disputed subpoenas.  *See* Dkt. No. 22 at 3; *see also Honeywell Int'l Inc. v. Mazars USA LLP*, 2022 WL 94881, at *1 (S.D.N.Y. Jan. 10, 2022) ("Other courts in this district have transferred motions where the judge in the underlying case has already been managing discovery.").  Finally, transferring the motion to compel to the issuing court would serve judicial economy and consistency by "avoiding piecemeal litigation," *Am. Plan Administrators v. S. Broward Hosp. Dist.*, 39 F.4th 59, 61 (2d Cir. 2022), as the parties approach the fact discovery deadline of January 31, 2024, Dkt. No. 22 at 3 n.1.

    The motion to transfer is therefore GRANTED.  This action is hereby ORDERED transferred to the United States District Court for the District of Massachusetts, pursuant to Federal Rule of Civil Procedure 45(f).

4

The Clerk of Court is respectfully directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: November 30, 2023
New York, New York

_____
LEWIS J. LIMAN
United States District Judge